UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| ALEX REIZNER, on behalf of himself and all others similarly situated, | Civil Case Number: _____ |
| Plaintiff(s), | CIVIL ACTION |
| -against- | CLASS ACTION COMPLAINT AND DEMAND FOR JURY TRIAL |
| NATIONAL RECOVERIES, INC., and JOHN DOES 1-25, | |
| Defendant(s). | |

Plaintiff, ALEX REIZNER, on behalf of himself and all others similarly situated (hereinafter "Plaintiff") by and through his undersigned attorney, alleges against the above-named Defendant, NATIONAL RECOVERIES, INC, ("NRI"), JOHN DOES 1-25 ("Defendants") their employees, agents, and successors (collectively "Defendants") the following:

## PRELIMINARY STATEMENT

1.   Plaintiff brings this action for damages and declaratory relief arising from the Defendants' violation of 15 U.S.C. § 1692 *et seq.*, the Fair Debt Collection Practices Act (hereinafter "FDCPA"), which prohibits debt collectors from engaging in abusive, deceptive and unfair practices.

## JURISDICTION AND VENUE

2.   This Court has jurisdiction over this action pursuant to 28 U.S.C. § 1331. This is an action for violations of 15 U.S.C. § 1692 *et seq*.

3.   Venue is proper in this district under 28 U.S.C. §1391(b)(2) because the acts of the Defendant that give rise to this action, occurred in substantial part, in this district.

## DEFINITIONS

4. As used in reference to the FDCPA, the terms "creditor," "consumer," "debt," and "debt collector" are defined in § 803 of the FDCPA and 15 U.S.C. § 1692a.

## PARTIES

5. The FDCPA, 15 U.S.C. § 1692 *et seq.*, which prohibits certain debt collection practices provides for the initiation of court proceedings to enjoin violations of the FDCPA and to secure such equitable relief as may be appropriate in each case.

6. Plaintiff is a natural person and a resident of Hudson County, New Jersey, and is a "Consumer" as defined by 15 U.S.C. § 1692a(3).

7. NRI maintains a location at 14735 Highway 65, Ham Lake, MN 55304.

8. Upon information and belief, NRI uses the mail, telephone, and facsimile and regularly engages in business the principal purpose of which is to attempt to collect debts alleged to be due another.

9. NRI is a "Debt Collector" as that term is defined by 15 U.S.C. § 1692(a)(6).

10. John Does 1-25, are fictitious names of individuals and business alleged for the purpose of substituting names of defendants whose identities will be disclosed in discovery and should be made parties to this action.

## CLASS ACTION ALLEGATIONS

11. Plaintiff brings this action as a state wide class action, pursuant to Rule 23 of the Federal Rules of Civil Procedure (hereinafter "FRCP"), on behalf of herself and all New Jersey consumers and their successors in interest (the "Class"), who were sent debt collection letters and/or notices from the Defendant which are in violation of the FDCPA, as described in this Complaint.

12. This Action is properly maintained as a class action. The Class is initially defined as:

- All Hudson County, New Jersey consumers who were sent letters and/or notices from national Recoveries, Inc., concerning a debt owed to U.S. Department of Education, which contained at least one of the alleged violations of 15 U.S.C. § 1692 *et seq.* herein.
- <u>The class definition may be subsequently modified or refined</u>.
- <u>The Class period begins one year to the filing of this Action</u>.

13. The Class satisfies all the requirements of Rule 23 of the FRCP for maintaining a class action:

- Upon information and belief, the Class is so numerous that joinder of all members is impracticable because there may be hundreds and/or thousands of persons who were sent debt collection letters and/or notices from the Defendant that violate specific provisions of the FDCPA. Plaintiff is complaining of a standard form letter and/or notice. (*See* **Exhibit A**, except that the undersigned attorney has, in accordance with Fed. R. Civ. P. 5.2 redacted the financial account numbers and/or personal identifiers in an effort to protect Plaintiff's privacy);
- There are questions of law and fact which are common to the Class and which predominate over questions affecting any individual Class member. These common questions of law and fact include, without limitation:
    a. Whether the Defendant violated various provisions of the FDCPA including but not limited to:

> 15 U.S.C. §§ 1692g *et seq.*, and 1692e *et seq*.
>
> b. Whether Plaintiff and the Class have been injured by the Defendant's conduct;
>
> c. Whether Plaintiff and the Class have sustained damages and are entitled to restitution as a result of Defendant's wrongdoing and if so, what is the proper measure and appropriate statutory formula to be applied in determining such damages and restitution; and
>
> d. Whether Plaintiff and the Class are entitled to declaratory and/or injunctive relief.

- Plaintiff's claims are typical of the Class, which all arise from the same operative facts and are based on the same legal theories.

- Plaintiff has no interest adverse or antagonistic to the interest of the other members of the Class.

- Plaintiff will fairly and adequately protect the interest of the Class and has retained experienced and competent attorneys to represent the Class.

- A Class Action is superior to other methods for the fair and efficient adjudication of the claims herein asserted. Plaintiff anticipates that no unusual difficulties are likely to be encountered in the management of this class action.

- A Class Action will permit large numbers of similarly situated persons to prosecute their common claims in a single forum simultaneously and without the duplication of effort and expense that numerous individual actions would engender.  Class treatment will also permit the adjudication of relatively small claims by many Class members who could not otherwise afford to seek legal

redress for the wrongs complained of herein. Absent a Class Action, class members will continue to suffer losses of statutory protected rights as well as monetary damages. If Defendant's conduct is allowed to proceed without remedy, it will continue to reap and retain the proceeds of their ill-gotten gains.

- Defendant has acted on grounds generally applicable to the entire Class, thereby making appropriate final injunctive relief or corresponding declaratory relief with respect to the Class as a whole.

## STATEMENT OF FACTS

14. Plaintiff is at all times to this lawsuit, a "consumer" as that term is defined by 15 U.S.C. § 1692a(3).

15. On or before March 28, 2017, Plaintiff allegedly incurred a financial obligation to U.S. Department of Education ("USDE").

16. The USDE obligation arose out of a transaction, in which money, property, insurance or services, which are the subject of the transaction, are primarily for personal, family or household purposes.

17. The USDE obligation is a "debt" as defined by 15 U.S.C. § 1692a(5).

18. USDE is a "creditor" as defined by 15 U.S.C. § 1692a(4).

19. On or before March 28, 2017, the USDE obligation was assigned to NRI for the purpose of collection.

20. At the time USDE obligation was to NRI, the obligation was in default.

21. NRI caused to be delivered to Plaintiff a letter dated March 28, 2017, which was addressed to Plaintiff. A copy of said letter is annexed hereto as **Exhibit A.**

22. The March 28, 2017 letter was sent to Plaintiff in connection with the collection of the USDE obligation.

23. The March 28, 2017 letter is a "communication" as defined by 15 U.S.C. § 1692a(2).

24. Upon receipt, Plaintiff read the March 28, 2017 letter.

25. The March 28, 2017 letter provided a Toll Free telephone number of 1-877-221-9729.

26. The March 28, 2017 letter provided a mailing address of: National Recoveries, inc., P.O. Box 120666, St. Paul, MN 55112.

27. The March 28, 2017 letter stated in part:

This notice, regarding your defaulted student loan or grant overpayment held by the U.S. department of Education, is from National Recoveries, Inc.

Unless you notify this office within 30 days after receiving this notice that you dispute the validity of this debt or any portion thereof, this office will assume this debt is valid. If you notify this office in writing within 30 days from receiving this notice, that you dispute the validity of this debt or any portion thereof, this office will obtain verification of the debt or obtain a copy of a judgment and mail you a copy of such verification or judgment. Upon your written within 30 days after receiving this notice, this office will provide you with the name and address of the original creditor, if different from the current creditor.

---------------------------------------------------------------------------------------------------------------------------
National Recoveries, Inc. office hours are: 7:00am-9:00pm, Monday through Thursday; 7:00am-7:00pm, Friday; 8:00am-12:00pm, Saturday (Central Time). You may write to us at the address listed below or telephone us at the number provided below. Do not send a payment to this address.

| | |
|---|---|
| National Recoveries, Inc. | Toll-Free Number: 1-877-221-9729 |
| P.O. Box 120666 | Facsimile: 763-780-6255 |
| St. Paul, MN 55112 | |

**This communication is from a debt collector. This is an attempt to collect a debt. Any information obtained will be used for that purpose**

28. Section 1692g(a)(3)of the FDCPA requires the debt collector to:

> Within five days after the initial communication with a consumer in connection with the collection of any debt… send the consumer a written notice containing ---

>   (3) a statement that unless the consumer, within thirty days after receipt of the notice, disputes the validity of the debt, or any portion thereof, the debt will be assumed to be valid by the debt collector.

29. A dispute of a debt, to be effective, in the Third Circuit, must be in writing. Graziano v. Harrison, 950 F.2d 107, 112 (3d Cir. 1991). Caprio v. Healthcare Revenue Recovery Group, 709 F.3d 142 (3d Cir. March 1, 2013).

30. NRI knew or should have known that its actions violated the FDCPA.

31. NRI could have taken the steps necessary to bring its actions within compliance with the FDCPA, but neglected to do so and failed to adequately review its actions to ensure compliance with the law.

## POLICIES AND PRACTICES COMPLAINED OF

32. It is NRI's policy and practice to send written collection communications, in the form annexed hereto as **Exhibit A**, which violate the FDCPA, by *inter alia*:

    (a) Using false, deceptive or misleading representations or means in connection with the collection of a debt; and

    (b) Failing to provide the consumer with a proper notice pursuant to 15 U.S.C. §1692g(a)(3); and

33. On information and belief, NRI sent written communications in the form annexed hereto as **Exhibit A**, to at least 50 natural persons in Hudson County, New Jersey with one year of this Complaint.

## COUNT I

### FAIR DEBT COLLECTION PRACTICES ACT, 15 U.S.C. § 1692 *et seq*. VIOLATIONS

34. Plaintiff, on behalf of herself and others similarly situated, repeats and realleges all prior allegations as if set forth at length herein.

35. Collection letters and/or notices, such as those sent by NRI, are to be evaluated by the objective standard of the hypothetical "least sophisticated consumer."

36. The March 28, 2017 letter fails to properly inform the least sophisticated consumer that to effectively dispute the alleged debt, such dispute *must* be in writing.

37. The least sophisticated consumer upon reading the March 28, 2017 letter would be confused as to what he must do to effectively dispute the alleged debt.

38. The least sophisticated consumer upon reading the instructions in the March 28, 2017 letter would be mislead into believing that if he wished to dispute the alleged debt or any portion thereof, he may (1) notify NRI in writing at the address provided or (2) he may call the toll free number provided.

39. A dispute of a debt, to be effective, in the Third Circuit, must be in writing. Graziano v. Harrison, 950 F.2d 107, 112 (3d Cir. 1991). Caprio v. Healthcare Revenue Recovery Group, 709 F.3d 142 (3d Cir. March 1, 2013).

40. NRI violated 15 U.S.C. §1692g(a)(3) by failing to effectively inform Plaintiff what he must do in order to dispute the alleged debt.

41. NRI violated 15 U.S.C. §1692e(10) by falsely representing and misleading Plaintiff into believing that if he wished to dispute the alleged debt or any portion thereof, he may: (1) notify NRI in writing at the address provided or (2) he may call the toll free number provided.

42. The March 28, 2017 letter is misleading because the instructions can be read to have two or more meaning, which one is inaccurate.

43. The March 28, 2017 letter and be read to mean that the least sophisticated consumer may dispute the alleged debt by notify NRI in writing at the address provided.

44. The March 28, 2017 letter and be read to mean that the least sophisticated consumer may dispute the alleged debt by calling the toll free number provided.

45. Congress enacted the FDCPA in part to eliminate abusive debt collection practices by debt collectors.

46. Plaintiff and others similarly situated have a right to free from abusive debt collection practices by debt collectors.

47. Plaintiff and others similarly situated have a right to receive proper notices mandated by the FDCPA.

48. Plaintiff and others similarly situated were sent letters, which would have affected their decision-making with regard to the debt.

49. Plaintiff and others similarly situated have suffered harm as a direct result of the abusive, deceptive and unfair collection practices described herein.

50. Plaintiff has suffered damages and other harm as a direct result of NRI's actions, conduct, omissions and violations of the FDCPA described herein.

**WHEREFORE,** Plaintiff demands judgment against national Recoveries, Inc., as follows:

(a) Declaring that this action is properly maintainable as a Class Action and certifying Plaintiff as Class representative and the attorneys, Joseph K. Jones, Esq., as Class Counsel;

(b) Awarding Plaintiff and the Class statutory damages;

(c) Awarding Plaintiff and the Class actual damages;

(d) Awarding pre-judgment interest;

(e) Awarding post-judgment interest.

(f) Awarding Plaintiff costs of this Action, including reasonable attorneys' fees and expenses; and

(g) Awarding Plaintiff and the Class such other and further relief as the Court may deem just and proper.

Dated: April 13, 2017

>*s/ Joseph K. Jones*
>Joseph K. Jones, Esq.
>JONES, WOLF & KAPASI, LLC
>375 Passaic Avenue
>Fairfield, New Jersey 07004
>(973) 227-5900 telephone
>(973) 244-0019 facsimile
>jkj@legaljones.com

## DEMAND FOR TRIAL BY JURY

Pursuant to Rule 38 of the Federal Rules of Civil Procedure, Plaintiff hereby requests a trial by jury on all issues so triable.

>*s/ Joseph K. Jones*
>Joseph K. Jones, Esq.

## CERTIFICATION PURSUANT TO LOCAL RULE 11.2

I, Joseph K. Jones, the undersigned attorney of record for Plaintiff, do hereby certify to my own knowledge and based upon information available to me at my office, the matter in controversy is not the subject of any other action now pending in any court or in any arbitration or administrative proceeding.

Dated: April 13, 2017

>*/s/ Joseph K. Jones*
>Joseph K. Jones, Esq.

# Exhibit

# A

P.O. Box 120666
St. Paul, MN 55112

ELECTRONIC SERVICE REQUESTED

| | |
|---|---|
| Date: | March 28, 2017 |
| Name: | Alex Reizner |
| Account: | |
| Borrower Number: | |
| Amount Due: | $96,601.75 |

Note name/address/phone number changes on back of coupon.

ALEX REIZNER

000835

Dear Alex Reizner:

This notice, regarding your defaulted student loan or grant overpayment held by the U.S. Department of Education, is from National Recoveries, Inc.

**Unless you notify this office within 30 days after receiving this notice that you dispute the validity of this debt, or any portion thereof, this office will assume this debt is valid. If you notify this office in writing within 30 days from receiving this notice that you dispute the validity of this debt, or any portion thereof, this office will obtain verification of the debt or a copy of a judgment against you and mail you a copy of such verification or judgment. Upon your written request within 30 days after receiving this notice, this office will provide you with the name and address of the original creditor, if different from the current creditor.**

National Recoveries, Inc. office hours are: 7:00am-9:00pm, Monday through Thursday; 7:00am-7:00pm, Friday; 8:00am-12:00pm, Saturday (Central Time). You may write to us at the address listed below or telephone us at the number provided below. Do not send a payment to this address.

National Recoveries, Inc.
P.O. Box 120666
St. Paul, MN 55112

Toll-Free Number: 1-877-221-9729
Facsimile: 763-780-6255

**This communication is from a debt collector. This is an attempt to collect a debt. Any information obtained will be used for that purpose.**

As of the date of this letter, you owe $96,601.75. Because of interest, late charges, and other charges that may vary from day to day, the amount due on the day you pay may be greater. Hence, if you pay the amount due shown above, an adjustment may be necessary after we received your payment, in which event we will inform you before depositing the payment for collection. For further information, please write or call us at the address or number contained in this notice.

Consumer Feedback – To submit complaints, questions or any other concerns, you may do so via fax at 763-780-6255, via email to compliance@nationalrecoveries.com, or call toll-free at 1-877-221-9729 during business hours.

***PLEASE SEE REVERSE SIDE OF THIS LETTER FOR IMPORTANT INFORMATION***

NRIA2

## NOTE CHANGES ONLY

FIRST NAME ☐☐☐☐☐☐☐☐☐☐☐☐☐☐☐☐☐☐☐☐   MI ☐
LAST NAME ☐☐☐☐☐☐☐☐☐☐☐☐☐☐☐☐☐☐☐☐
ADDRESS ☐☐☐☐☐☐☐☐☐☐☐☐☐☐☐☐☐☐☐☐☐☐☐☐☐☐☐☐☐☐☐☐
☐☐☐☐☐☐☐☐☐☐☐☐☐☐☐☐☐☐☐☐☐☐☐☐☐☐☐☐☐☐☐☐
CITY ☐☐☐☐☐☐☐☐☐☐☐☐☐☐☐☐☐☐☐☐   HOME PHONE ☐☐☐-☐☐☐-☐☐☐☐
STATE ☐☐   ZIP ☐☐☐☐☐-☐☐☐☐   WORK PHONE ☐☐☐-☐☐☐-☐☐☐☐
CELL PHONE ☐☐☐-☐☐☐-☐☐☐☐

---

The following list of certain rights available to consumers does not contain a complete list of the rights consumers have under state and Federal law.

**Notice to California Residents:** The state Rosenthal Fair Debt Collection Practices Act and the Federal Fair Debt Collection Practices Act require that, except under certain circumstances, collectors may not contact you before 8:00a.m. or after 9:00p.m. They may not harass you by using threats of violence or arrest or by using obscene language. Collectors may not use false or misleading statements or call at work if they know, or have reason to know, that you may not receive personal calls at work. For the most part, collectors may not tell another person, other than your attorney or spouse, about your debt. Collectors may contact another person to confirm your location or enforce a judgment. For more information about debt collection activities, you may contact the Federal Trade Commission at 1-877-FTC-HELP or www.ftc.gov.

**Notice to Colorado Residents:** FOR MORE INFORMATION ABOUT THE COLORADO FAIR DEBT COLLECTION PRACTICES ACT, SEE WWW.COAG.GOV/CAR. A consumer has the right to request in writing that a debt collector or collection agency cease further communication with the consumer. A written request to cease communication will not prohibit a debt collector or collection agency from taking any other action authorized by law to collect the debt. 27 North Willerup; Suite B, Montrose, CO 81401. 970-249-7514.

**Notice to Illinois Residents:** This collection agency's registered name in the state of Illinois is National Recoveries, Inc. of Minnesota.

**Notice to Massachusetts Residents:** NOTICE OF IMPORTANT RIGHTS
You have the right to make a written or oral request that telephone calls regarding your debt not be made to you at your place of employment. Any such oral request will be valid only for ten days, unless you provide written confirmation of the request postmarked or delivered within seven days of such request. You may terminate this request by writing to the debt collector.

**Notice to Minnesota Residents:** This collection agency is licensed by the Minnesota Department of Commerce.

**Notice to New Hampshire Residents:** This collection agency's registered name in the state of New Hampshire is National Recoveries of Minnesota.

**Notice to New York State Residents:** Debt collectors, in accordance with the Fair Debt Collection Practices Act, 15 USC § 1692 et seq., are prohibited from engaging in abusive, deceptive, and unfair debt collection efforts, including but not limited to the use or threat of violence, the use of obscene or profane language, and repeated phone calls made with the intent to annoy, abuse, or harass.

If a creditor or debt collector receives a money judgment against you in court, state and federal laws may prevent the following types of income from being taken to pay the debt:

1. Supplemental security income (SSI);
2. Social security;
3. Public assistance (welfare);
4. Spousal support, maintenance (alimony) or child support;
5. Disability benefits;
6. Unemployment benefits;
7. Workers' compensation benefits;
8. Public or private pensions;
9. Veterans' benefits;
10. Federal student loans, federal student grants, and federal work study funds; and
11. Ninety percent of your wages or salary earned in the last sixty days.

**Notice to New York City Residents:** New York City Department of Consumer Affairs License Number 1380623.
**The person for call back is KENNETH PIATT.**

**Notice to North Carolina Residents:** North Carolina Permit Number 101701.

**Notice to Tennessee Residents:** This collection agency is licensed by the Collection Service Board, State Department of Commerce and Insurance.

**Notice to Wisconsin Residents:** This collection agency is licensed by the Division of Banking in the Wisconsin Department of Financial Institutions, www.wdfi.org. Our registered name in the state of Wisconsin is National Recoveries, Inc. of Minnesota.

NRCPN0909