UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

ALEX REIZNER,

*Plaintiff,*

v.

NATIONAL RECOVERIES, INC.,

*Defendant.*

Civil Action No. 17-2572

**OPINION**

**John Michael Vazquez, U.S.D.J.**

This matter comes before the Court on Defendant National Recoveries, Inc.'s ("Defendant" or "NRI") motion to dismiss the Complaint pursuant to Federal Rule of Civil Procedure 12(b)(1) for lack of subject-matter jurisdiction and pursuant to Rule 12(b)(6) for failure to state a claim. D.E. 8. Plaintiff Alex Reizner filed a brief in opposition, D.E. 12, to which Defendant replied, D.E. 13. The Court reviewed the submissions in support and in opposition, and considered the motion without oral argument pursuant to Fed. R. Civ. P. 78(b) and L. Civ. R. 78.1(b). For the reasons stated below, Defendant's motion to dismiss is **GRANTED**.[1]

---

[1] Defendant's motion to dismiss (D.E. 8) is referred to as "Def. Brf." Plaintiff's brief in opposition (D.E. 12) is referred to as "Pl. Opp." Defendant's reply brief (D.E. 13) is referred to as "Def. Rep."

## I. BACKGROUND

### A. Factual Background

Plaintiff is a New Jersey resident. Complaint ("Compl.") ¶ 6; D.E.1. Defendant is a Minnesota corporation primarily engaged in the business of debt collection. *Id.* ¶¶ 7-8. On or about March 28, 2017, Plaintiff allegedly incurred a debt to the United States Department of Education ("DOE"). *Id.* ¶ 15. The DOE assigned the debt to NRI for collection. *Id.* ¶ 19.

NRI mailed Plaintiff a letter, dated March 28, 2017, concerning the debt (the "Collection Letter"). *Id.* ¶ 21. The Collection Letter reads:

Dear Alex Reizner,

This notice, regarding your defaulted student loan or grant overpayment held by the U.S. Department of Education, is from National Recoveries, Inc.

**Unless you notify this office within 30 days after receiving this notice that you dispute the validity of the debt, or any portion thereof, this office will assume this debt is valid. If you notify this office in writing within 30 days from receiving this notice, that you dispute the validity of this debt or any portion thereof, this office will obtain verification of the debt or obtain a copy of a judgment and mail you a copy of such verification or judgment. Upon your written request within 30 days after receiving this notice, this office will provide you with the name and address of the original creditor, if different from the current creditor.**

---

National Recoveries, Inc. office hours are: 7:00am-9:00pm, Monday through Thursday; 7:00am-7:00pm, Friday; 8:00am-12:00pm, Saturday (Central Time). You may write to us at the address listed below or telephone us at the number provided below. Do not send a payment to this address.

National Recovers, Inc.    Toll-Free Number: 1-877-221-9729
P.O. Box 120666            Facsimile: 763-780-6255
St. Paul, MN 55112

**This communication is from a debt collector. This is an attempt to collect a debt. Any information obtained will be used for that purpose.**

As of the date of this letter, you owe $96,601.75. Because of interest, late charges, and other charges that may vary day to day, the amount due on the day you pay

2

may be greater. Hence, if you pay the amount due shown above, an adjustment may be necessary after we received your payment, in which event we will inform you before depositing the payment for collection. For further information, please write or call us at the address or number contained in this notice.

Consumer Feedback – To submit complaints, questions, or any other concerns, you may do so via fax at 763-780-6255, via email to compliance@national recoveries.com, or call toll-free at 1-877-221-9729 during business hours.

*Id.* ¶ 27[2], Ex. A[3] (emphasis in original). Upon receipt, Plaintiff read the collection letter. *Id.* ¶ 24.

### B. Procedural Background

On April 13, 2017, Plaintiff filed a putative class action Complaint on behalf of himself and others similarly situated. D.E. 1. The Complaint alleges one count for violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq.* ("FDCPA"). *Id.* at ¶¶ 34-50. Specifically, Plaintiff claims that Defendant's Collection Letter violated Sections 1692g(a)(3) and 1692e(10) of the FDCPA. *Id.* at ¶¶ 40-41.

On June 29, 2017, NRI moved to dismiss the Complaint pursuant to Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6). D.E. 8. Plaintiff opposed the motion, D.E. 12, and Defendant replied. D.E. 13. Defendant then submitted a letter asking the Court to

---

[2] The Court notes that in addition to attaching the Collection Letter as an exhibit, the Complaint quotes from the letter. However, for some unknown reason, the Complaint removes the bold font from the second paragraph and, yet, leaves the original bolding in the later paragraph. Compl. ¶ 27. Plaintiff's opposition brief also removes the bold font from the second paragraph. Pl. Opp. at 1; D.E. 12.

[3] When reviewing a motion to dismiss, the Court accepts as true all well-pleaded facts in the complaint. *Fowler v. UPMC Shadyside*, 578 F.3d 203, 210 (3d Cir. 2009). Additionally, a district court may consider "exhibits attached to the complaint and matters of public record" as well as "an undisputedly authentic document that a defendant attaches as an exhibit to a motion to dismiss if the plaintiff's claims are based on the document." *Pension Ben. Guar. Corp. v. White Consol. Indus., Inc.*, 998 F.2d 1192, 1196 (3d Cir. 1993).

consider the case of *Riccio v. Sentry Credit, Inc.*, No. CV171773, 2018 WL 638748 (D.N.J. Jan. 31, 2018). D.E. 17. Plaintiff responded with a submission refuting Plaintiff's interpretation of *Riccio*. D.E. 18.

## II. <u>LEGAL STANDARD</u>

### A. Federal Rule of Civil Procedure 12(b)(1)

In deciding a Rule 12(b)(1) motion for lack of subject-matter jurisdiction, a court must first determine whether the motion presents a facial or factual attack because the distinction determines how the pleading is reviewed.[4] A facial attack "contests the sufficiency of the complaint because of a defect on its face," whereas a factual attack "asserts that the factual underpinnings of the basis for jurisdiction fails to comport with the jurisdiction prerequisites." *Gould Elecs. Inc. v. United States*, 220 F.3d 169, 177 (3d Cir. 2000), *holding modified by Simon v. United States*, 341 F.3d 193 (3d Cir. 2003). For a factual attack, "the court may consider and weigh evidence outside the pleadings to determine if it has jurisdiction." *Id.* at 178. The burden is on the Plaintiff to prove that the Court has jurisdiction. *Id.*

### B. Federal Rule of Civil Procedure 12(b)(6)

Rule 12(b)(6) of the Federal Rules of Civil Procedure permits a defendant to move to dismiss a complaint for "failure to state a claim upon which relief can be granted[.]" To withstand a motion to dismiss under Rule 12(b)(6), a plaintiff must allege "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A complaint is plausible on its face when there is enough factual content "that allows the court to

---

[4] This Court also has an independent obligation to establish that it has subject-matter jurisdiction. *Morel v. INS*, 144 F.3d 248, 251 (3d Cir. 1998) ("[A federal] court . . . will raise lack of subject-matter jurisdiction on its own motion.") (quoting *Ins. Corp. of Ireland v. Compagnie des Bauxites de Guinee*, 456 U.S. 694, 702 (1982)).

4

draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Although the plausibility standard "does not impose a probability requirement, it does require a pleading to show more than a sheer possibility that a defendant has acted unlawfully." *Connelly v. Lane Const. Corp.*, 809 F.3d 780, 786 (3d Cir. 2016) (internal quotation marks and citations omitted). As a result, a plaintiff must "allege sufficient facts to raise a reasonable expectation that discovery will uncover proof of [his] claims." *Id.* at 789.

In evaluating the sufficiency of a complaint, a district court must accept all factual allegations in the complaint as true and draw all reasonable inferences in favor of the plaintiff. *Phillips v. Cty. of Allegheny*, 515 F.3d 224, 231 (3d Cir. 2008). A court, however, is "not compelled to accept unwarranted inferences, unsupported conclusions or legal conclusions disguised as factual allegations." *Baraka v. McGreevey*, 481 F.3d 187, 211 (3d Cir. 2007). If, after viewing the allegations in the complaint most favorable to the plaintiff, it appears that no relief could be granted under any set of facts consistent with the allegations, a court may dismiss the complaint for failure to state a claim. *DeFazio v. Leading Edge Recovery Sols.*, 2010 WL 5146765, at *1 (D.N.J. Dec. 13, 2010).

### III. LAW AND ANALYSIS

#### A. FDCPA

The FDCPA "creates a private right of action against debt collectors who fail to comply with its provisions." *Grubb v. Green Tree Servicing, LLC*, No 13-07421, 2014 WL 3696126, at *4 (D.N.J. July 24, 2014). The FDCPA was enacted by Congress in 1977 with the purpose of eliminating "abusive, deceptive, and unfair debt collection practices" by debt collectors. 15 U.S.C. § 1692a. To succeed on an FDCPA claim, a plaintiff must demonstrate that "(1) she [or he] is a consumer, (2) the defendant is a debt collector, (3) the defendant's challenged practice involves

5

an attempt to collect a 'debt' as the Act defines it, and (4) the defendant has violated a provision of the FDCPA in attempting to collect the debt." *Douglass v. Convergent Outsourcing*, 765 F.3d 299, 303 (3d Cir. 2014).

The FDCPA defines a consumer as "any natural person obligated or allegedly obligated to pay any debt." 15 U.S.C. § 1692a(3). A debt collector is "any person who uses any instrumentality of interstate commerce or the mails in any business the principal purpose of which is the collection of any debts, or who regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another." 15 U.S.C. § 1692a(6). "Creditors -- as opposed to 'debt collectors' -- generally are not subject to the FDCPA." *Pollice v. Nat'l Tax Funding, L.P.*, 225 F.3d 379, 403 (3d Cir. 2000). "The statute does not apply to persons or businesses collecting debts on their own behalf," *Staub v. Harris*, 626 F.2d 275, 277 (3d Cir. 1980), "[b]ecause creditors are generally presumed to restrain their abusive collection practices out of a desire to protect their corporate goodwill," *Pollice*, 225 F.3d at 403. Instead, "[the FDCPA] is directed to those persons who are engaged in business for the principal purpose of collecting debts." *Id.*

"As remedial legislation, the FDCPA must be broadly construed in order to give full effect to these purposes." *Caprio v. Healthcare Revenue Recovery Grp., LLC*, 709 F.3d 142, 148 (3d Cir. 2013). To that end, "[l]ender-debtor communications potentially giving rise to claims under the FDCPA should be analyzed from the perspective of the least sophisticated debtor." *Rosenau v. Unifund Corp.*, 539 F.3d 218, 221 (3d Cir. 2008) (quoting *Brown v. Card Serv. Ctr.*, 464 F.3d 450, 454 (3d Cir. 2006)). "[A]lthough this standard protects naive consumers, it also 'prevents liability for bizarre or idiosyncratic interpretations of collection notices by preserving a quotient of reasonableness and presuming a basic level of understanding and willingness to read with

care.'" *Wilson v. Quadramed Corp.,* 225 F.3d 350, 354-55 (3d Cir. 2000) (quoting *United States v. Nat'l Fin. Servs.,* Inc., 98 F.3d 131, 136 (4th Cir. 1996)).

The Third Circuit has reasoned that the FDCPA's purpose of protecting consumers "is best served by a definition of 'deceive' that looks to the tendency of language to mislead the least sophisticated recipients of a debt collector's [communications]." *Id.* (alteration in original). Thus, a debt collector "is responsible for its [communication's] content and for what the least sophisticated debtor would have understood from it." *McLaughlin v. Phelan Hallinan & Schmieg, LLP,* 756 F.3d 240, 246 (3d Cir. 2014) (alteration in original). A communication will be found deceptive if, under the least sophisticated debtor standard, the communication "can be reasonably read to have two different meanings, one of which is inaccurate." *Jensen v. Pressler & Pressler,* 791 F.3d 413, 420 (3d Cir. 2015)

Here, the parties dispute whether Plaintiff is a consumer, whether Defendant's Collection Letter was an attempt to collect a 'debt' as the FDCPA defines it, and whether Defendant violated a provision of the FDCPA in attempting to collect the debt allegedly owed to the DOE. As to the fourth element, the violations of the FDCPA, Sections 1692e(10) and 1692g(a)(3) are at issue.

Section 1692e, "False or Misleading Representations," in relevant part, provides:

> A debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt. Without limiting the general application of the foregoing, the following conduct is a violation of this section:
> . . .
>> (10) The use of any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer.

15 U.S.C. § 1692e.

Section 1692g(a), "Validation of Debts," in relevant part, provides:

> Within five days after the initial communication with a consumer in connection with the collection of any debt, a debt collector shall, unless the following information is contained in the initial communication or the consumer has paid the debt, send the consumer a written notice containing—
>
> (1) the amount of the debt;
>
> (2) the name of the creditor to whom the debt is owed;
>
> (3) a statement that unless the consumer, within thirty days after receipt of the notice, disputes the validity of the debt, or any portion thereof, the debt will be assumed to be valid by the debt collector;
>
> (4) a statement that if the consumer notifies the debt collector in writing within the thirty-day period that the debt, or any portion thereof, is disputed, the debt collector will obtain verification of the debt or a copy of a judgment against the consumer and a copy of such verification or judgment will be mailed to the consumer by the debt collector; and
>
> (5) a statement that, upon the consumer's written request within the thirty-day period, the debt collector will provide the consumer with the name and address of the original creditor, if different from the current creditor.

15 U.S.C. § 1692g(a) (emphasis in original).

### B. Legal Analysis

#### 1. The Complaint's Failure to Plead

The Complaint's factual allegations are rather sparse and largely track the statutory language. The Complaint provides that "Plaintiff is at all times to this lawsuit, a 'consumer[,]'" and that "[o]n or before March 28, 2017 Plaintiff allegedly incurred a financial obligation to [sic]

U.S. Department of Education." *Id.* ¶¶ 14, 15. The Complaints adds that "[t]he USDE obligation arose out of a transaction, in which money, property, insurance or services, which are the subject of the transaction, are the subject of the transaction, are primarily for personal, family or household purposes." *Id.* ¶ 16.

Defendant argues that these allegations are wholly insufficient. Defendant claims "Plaintiff fails to provide *any* factual information to support her claim to standing." Def. Brf. at 4 (emphasis in original).[5] To that end, Defendant argues that "rather than state the genesis of the obligation" Plaintiff simply quotes FDCPA statutory language to draw legal conclusions. *Id.* Defendant concludes that the Court cannot ascertain whether the debt at issue is a consumer "debt" under the FDCPA and, therefore, also whether Plaintiff is "consumer" under the FDCPA. *Id.* at 5.

To support its motion, Defendant points the Court to *Sanon-Lauredant v. LTD Fin. Servs., L.P.*, No. 15-6529, 2016 WL 3457010, at *1 (D.N.J. June 22, 2016). In *Sanon-Lauredant*, Judge McNulty found that the complaint insufficiently pled that the debt in question was governed by the FDCPA. *Id.* at 2. Judge McNulty noted that to "establish this threshold element of her FDCPA claim, plaintiff ha[d] merely repeated the language of the statute." *Id.* This, he concluded, was "a legal conclusion that d[id] not satisfy the pleading requirements of Rule 8." *Id.*

In opposition, Plaintiff claims that the Collection Letter, quoted in the Complaint and attached thereto, sufficiently alleges that Defendant was attempting to collect a student loan debt. Pl. Opp. at 7. Further, Plaintiff argues that student loan obligations are "debts" under the FDCPA. *Id.* at 6. In support, Plaintiff cites to decisions from two other districts: *Carrigan v. Cent.*

---

[5] Although Defendant uses a female pronoun when referring to Plaintiff, Plaintiff appears to identify as male in the Complaint. *See* Compl.

9

*Adjustment Bureau, Inc.*, 494 F. Supp. 824, 825 (N.D. Ga. 1980) and *Cutler ex rel. Jay v. Sallie Mae, Inc.*, No. EDCV-13-2142, 2014 WL 7745878, at *1 (C.D. Cal. Sept. 9, 2014).

At the outset, the Court notes that as to Plaintiff's opposition, Defendant never asserted that a student loan liability is not a debt under the FDCPA.[6] Instead, the issue Defendant raised is whether the Complaint sufficiently alleges that the underlying debt is a student loan debt. Further, the cases Plaintiff cites are inapposite. *Carrigan* addressed summary judgment motions rather than a motion to dismiss. 494 F. Supp. at 825. In *Cutler*, the plaintiff had actually incurred a student loan debt. The issue in *Cutler* was whether the plaintiff had to allege that the student loan was actually used for education purposes. 2014 WL 7745878, at *2. The *Cutler* court found this unnecessary. *Id.*

The Court finds Judge McNulty's reasoning in *Sanon-Lauredant* persuasive. Judge McNulty's decision tracks the requirements of Federal Rule of Civil Procedure 12(b)(6) and the corresponding plausibility requirements. Here, too, the Court finds that merely parroting statutory language is insufficient to plausibly plead a claim. However, the Court does not decide the motion on this basis because it finds the next issue dispositive.

---

[6] Courts within our jurisdiction have not explicitly addressed whether a student loan debt qualifies as a "debt" under the FDCPA. However, several courts have considered FDCPA violations involving student loan debts without dismissing such claims. *See Caione v. Navient Corp.*, 2016 U.S. Dist. LEXIS 109825 (D.N.J. Aug. 18, 2016); *Huertas v. United States Dep't of Educ.*, 2009 U.S. Dist. Lexis 89903 (D.N.J. Sept. 28, 2009). Furthermore, courts from other districts have found that a student loan debt qualifies as a "debt" under the FDCPA. *See Cutler ex rel. Jay v. Sallie Mae, Inc.*, 2014 U.S. Dist. LEXIS 181914 (C.D. Cal. Sep. 9, 2014); *Smith v. Progressive Fin. Servs.*, 2013 U.S. Dist. LEXIS 108744 (D. Or. Aug. 1, 2013) ("[P]laintiff's student loan is 'debt' subject to the FDCPA."); *Donohue v. Reg'l Adjustment Bureau, Inc.*, 2013 U.S. Dist. LEXIS 45044 (E.D. Pa. Feb. 19, 2013).

## 2. The Collection Letter's Language

As quoted above, Section 1692g(a) concerns validation notices, "the statements that inform the consumer how to obtain verification of the debt and that he has thirty days in which to do so." *Wilson v. Quadramed Corp.*, 225 F.3d 350, 354 (3d Cir. 2000). Section 1692e(10) prohibits false representations or deceptive means to collect a consumer debt. Notably, Plaintiff alleges violations of both sections based on the same conduct, that is, whether the Collection Letter's language would "leave the least sophisticated consumer uncertain as to his rights" with regard to disputing the alleged debt. Pl. Opp. at 10. As Plaintiff concedes, "[w]hen allegations under 15 U.S.C. § 1692e(10) are based on the same language or theories as allegations under 15 U.S.C. § 1692g, the analysis of the 1692g claim is usually dispositive." *Id.* at 13 (quoting *Caprio v. Healthcare Revenue Recovery Group, LLC*, 709 F.3d 142, 155 (3d Cir. 2013)); *see also Cruz v. Fin. Recoveries*, No. 15-753, 2016 U.S. Dist. Lexis 83576, at *11 (D.N.J. June 18, 2016) (holding that "when language is upheld pursuant to Section 1692g, that analysis is usually dispositive for Section 1692e"). Accordingly, the Court begins its analysis with Plaintiff's Section 1692g(a) claim as it is dispositive of the Section 1692e(10) claim.

Section 1692g(a) of the FDCPA, which is quoted above, provide for five categories of information that a debt collector must provide in writing to a debtor. Section 1692g(b) provides, in part, that a debtor may write to the debt collector within the prescribed thirty-day period and contest the debt or ask for information about the original creditor. If the debtor does so, then the debt collector must cease debt collection and obtain verification of the debt (or the name and address of the original creditor) for the debtor.

The Third Circuit has analyzed debt collection letters regarding violations of Section 1692g(a). In *Graziano v. Harrison*, the defendant debt collector sent the plaintiff debtor a

11

collection letter that on the front side stated the name of the creditor, the amount of the unpaid debt, and threatened legal action within ten days unless the debt was resolved before then. 950 F.2d 107, 109 (3d Cir. 1991). At the bottom of the page the letter also provided: "See reverse side for information regarding your legal rights!" *Id.* On the reverse side, the letter sufficiently provided notice of the validation language required by Section 1692g. *Id.*

The *Graziano* court found the two conflicting timeframes in the letter violated Section 1692g(a). The Third Circuit held "there is a reasonable probability that the least sophisticated debtor, faced with a demand for payment within ten days and a threat of immediate legal action if payment is not made in that time, would be induced to overlook his statutory right to dispute the debt within thirty days." *Id.* at 111. The Circuit also ruled that for a dispute of a debt to be effective under Section 1692g(a), it had to be in writing. *Id.* at 112 ("We therefore conclude that subsection (a)(3), like subsections (a)(4) and (a)(5), contemplates that any dispute, to be effective, must be in writing.").

Almost a decade later, the Third Circuit again addressed a debt collection letter's alleged violation of Section 1692g(a) in *Wilson v. Quadramed Corp.*, 225 F.3d 350 (3d Cir. 2000). In *Quadramed*, the collection letter, at the top, provided: "THIS IS AN ATTEMPT TO COLLECT A DEBT. ANY INFORMATION OBTAINED WILL BE USED FOR THAT PURPOSE." *Id.* at 352 (capitalization in original). While this language was capitalized, the language in the body of the letter was uniform in size and typeface. *Id.* The body of the letter provided:

> Our client has placed your account with us for immediate collection. We shall afford you the opportunity to pay this bill immediately and avoid further action against you.
>
> To insure immediate credit to your account, make your check or money order payable to ERI. Be sure to include the top portion of this statement and place your account number on your remittance.

12

> Unless you notify this office within 30 days after receiving this notice that you dispute the validity of this debt or any portion thereof, this office will assume this debt is valid. If you notify this office in writing within 30 days from receiving this notice, this office will obtain verification of the debt or obtain a copy of a judgement and mail you a copy of such judgement or verification. If you request this office in writing within 30 days after receiving this notice this office will provide you with the name and address of the original creditor, if different from the current creditor.

*Id.* at 352.

The *Quadramed* court found that while this collection letter "present[ed] a close question," it did not violate Section 1692g(a). *Id.* at 353. The Circuit explained "we are not convinced that the language in the first two paragraphs *overshadows or contradicts* the validation notice such that the 'least sophisticated debtor' would be confused or mislead as to his rights to dispute or seek validation of the debt." *Id.* (emphasis added). The court in *Quadramed* noted that the validation notice was presented in the same format (including the same font, size, and color type-face) as the first two paragraphs of the letter. The Third Circuit also observed that the validation notice appeared on the front page of the letter, immediately after the first two paragraphs. *Id.* at 356. When compared to the *Granziano* collection letter, the Circuit noted that the *Quadramed* letter made no "demand or threat." *Id.* Therefore, the court concluded that the *Quadramed* collection letter did not threaten or encourage the least sophisticated debtor "to waive his statutory right to challenge the validity of the debt," "demand payment within a period of less than thirty days," or present the information in a manner that "undercut[s] or overshadow[s] the message of the validation notice." *Id.* at 360.

More recently, the Third Circuit once again addressed a collection letter's alleged violation of Section 1692g(a) in *Caprio v. Healthcare Revenue Recovery Grp., LLC*, 709 F.3d 142, 148 (3d

Cir. 2013). The *Caprio* collection letter was one-page and double-sided. The front page, in relevant part, read:

> The health care provider(s) listed below, recently hired Healthcare Revenue Recovery Group, LLC (HRRG) to collect the balance on this account. Our client's records show you as the person responsible for payment of the charges for **PHYSICIAN SERVICES.**
>
> If we can answer any questions, or if you feel you do not owe this amount, **please call** us toll free at **800–984–9115** or write us at the above address. This is an attempt to collect a debt. Any information obtained will be used for that purpose. (NOTICE: SEE REVERSE SIDE FOR IMPORTANT INFORMATION.)
>
> You may send payment in full. Just fill in your credit card information on the reverse, or enclose your check/money order **payable to the creditor** along with the payment voucher below. The reply envelope provided needs no postage. Unless specified, your payment will be applied to the oldest balance first.
>
> We hope to have your full cooperation in this collection matter.

*Id.* at 145 (emphases and capitalization in original). The validation notice was on the letter's backside.

The *Caprio* court began its analysis by looking to the statutory purpose of Section 1692g(a). The court noted that as "[a]meded by Congress in 2006, § 1692g(b) now expressly provides that '[a]ny collection activities and communication during the 30–day period may not overshadow or be inconsistent with the disclosure of the consumer's right to dispute the debt or request the name and address of the original creditor.'" *Id.* at 148-49. The court in *Caprio* added that this amendment "has generally been viewed as a codification of the '*overshadowed or contradicted*' *rule* or gloss previously adopted by the courts themselves." *Id.* at 149. (emphasis added) (citations omitted).

With these considerations in mind, the Third Circuit went on to find that the collection letter violated Section 1692g(a). Viewing the letter through the perspective of the least

14

sophisticated debtor, the *Caprio* court determined that both the "substance" and the "form" of the letter contradicted and overshadowed the validation notice language. *Id.* at 151. As to the substance of the letter, the court stated that the least sophisticated debtor could reasonably interpret the letter's language to mean that he could dispute the debt by writing *or* calling the debt collector. *Id.* at 151. This violated Section 1692g(a) as "it is well established" that a debt dispute must be raised in writing to be effective. *Id.*

As to the form of the letter, the *Caprio* court found that the bold type of the phrase "please call" and the defendant's telephone number, as well as the fact that the telephone number appeared again in large font at the top of the letter, compounded the substantive violation. By comparison, the Circuit noted, the phrase "write us at the above address" and the validation notice were not bolded. Moreover, the *Caprio* court also noted that the defendant's mailing address only appeared at the top of the letter and it was printed in a smaller font than the defendant's toll-free telephone number. *Id.* at 151-52. Finally, the court in *Caprio* observed that the validation notice was on the backside of the letter. *Id.* at 152. Therefore, the Third Circuit concluded that the *Caprio* collection letter was deceptive because "it can be reasonably read to have two or more different meanings, one of which is inaccurate, *i.e.*, that [the plaintiff] could dispute the debt by making a telephone call" and, therefore, it could leave the least sophisticated debtor uncertain of his rights.

The *Caprio* court also found Ninth and Fourth Circuit decisions persuasive: *Terran v. Kaplan*, 109 F.3d 1428 (9th Cir. 1997), and *Miller v. Payco–General American Credits, Inc.*, 943 F.2d 482 (4th Cir. 1991). *Id.* at 152-54. In *Terran*, the plaintiff debtor claimed that the defendant debt collector sent him a collection letter that violated Section 1692g(a). 109 F.3d at 1430. The collection letter was three paragraphs. The first paragraph explained the nature of the debt. *Id.* The second paragraph provided as follows: "Unless an immediate telephone call is made to J

SCOTT, a collection assistant of our office at (602) 258–8433, we may find it necessary to recommend to our client that they proceed with legal action." *Id.* The third paragraph provided the validation notice. All three paragraphs were in uniform format. *Id.*

The Ninth Circuit found the collection letter did not violate Section 1692g(a). As to substance, the *Terran* court ultimately determined that the challenged language "simply encourages the debtor to communicate with the debt collection agency" and "does not threaten or encourage the least sophisticated debtor to waive his statutory right to challenge the validity of the debt." *Id.* at 1434. As to form, the court in *Terran* noted that the validation notice was on the front page, immediately following the language regarding the debtor making a phone call; the text of the letter was uniform; and no emphases were used in the letter (except that the creditor's name and the name of the person to contact at the defendant's office were in uppercase). *Id.* Therefore, the Ninth Circuit concluded that the extra language in the letter did not overshadow or contradict the validation notice. *Id.*

In *Payco,* the plaintiff debtor alleged that the defendant debt collector's one-page collection letter violated Section 1692g(a). 943 F.2d at 483. Across the top, in red and bold type, the letter read "DEMAND FOR PAYMENT." *Id.* (capitalization in original). Then, following the parties' information, the letter provided, again in red and bold type: "THIS IS A DEMAND FOR IMMEDIATE FULL PAYMENT OF YOUR DEBT." *Id.* (capitalization in original). That statement was followed by more statements in black boldface type: "YOUR SERIOUSLY PAST DUE ACCOUNT HAS BEEN GIVEN TO US FOR IMMEDIATE ACTION. YOU HAVE HAD AMPLE TIME TO PAY YOUR DEBT, BUT YOU HAVE NOT. IF THERE IS A VALID REASON, PHONE US AT [telephone number] TODAY. IF NOT, PAY US—NOW." *Id.* (capitalization in original). The Fourth Circuit noted that "[t]he bottom third of the document

16

[was] almost completely filled by the single word, "NOW," in white letters, nearly two inches tall, against a red background." *Id.* After all these statements, in the smallest typeface on the front page, the letter directed the reader to see the backside of the letter for important information. *Id.* The backside of the letter contained the required validation notice in gray typeface. *Id.*

The Fourth Circuit determined that the collection letter contradicted and overshadowed the validation notice. *Id.* at 484. The court in *Payco* found that the letter's "[s]creaming headlines, bright colors and huge lettering all point to a deliberate policy on the part of the collector to evade the spirit of the notice statute, and mislead the debtor into disregarding the notice." *Id.* (quotation omitted). The letter "emphatically" instructed the plaintiff to contest the debt by telephone, rather than by mail as Section 1692g(a) requires. *Id.* The *Payco* court further noted that the letter's emphasis on immediate action stood in direct contradiction to the FDCPA's statutory period of thirty days to contest a debt's validity. *Id.* Therefore, the Fourth Circuit concluded that both the substance and form of the letter violated the FDCPA. *See id.*

In light of the statute and the foregoing cases, the Court concludes that that the Collection Letter here does not violate Section 1692g. Defendant's Collection Letter adheres to each requirement of Section 1692g(a). The validation notice appears in the first two paragraphs of the letter, and it precedes NRI's address and telephone number. The Collection Letter does not expressly state that Plaintiff should call to contest the debt. The validation language is also in bold font. In comparison, the information following the validation notice is in normal typeface. The validation notice is set off by a solid line, demarcating the notice from the rest of the letter's language. Further, the additional language in the Collection Letter does not threaten or encourage Plaintiff to waive his statutory right to challenge the validity of the debt. Unlike the collection letter in *Graziano*, the validation notice here appears on the front side of the letter, is in bold type,

17

and precedes Defendant's telephone number. Moreover, and again unlike *Graziano*, the Collection Letter does not contain any contradictory time periods encouraging Plaintiff to pay before the thirty-day statutory period has expired. In addition, the Collection Letter does not contain express language encouraging Plaintiff to act immediately, even though such language was upheld in *Quadramed*.

*Caprio*'s factual situation is arguably the closest to the current matter. The Collection Letter differs, in significant ways, from the collection letter found deficient in *Caprio*. The *Caprio* letter expressly stated "if you feel you do not owe this amount, **please call** us toll free at **800–984–9115**." 709 F.3d at 145 (3d Cir. 2013) (emphasis in original). Here, the Collection Letter never expressly states that Plaintiff should call NRI to dispute the debt. The *Caprio* letter provided the validation notice on back of the letter. Here, the validation notice appears on the front page in bold typeface. Further, it precedes any information concerning calling NRI. In fact, a solid line delineates the notice section. The *Caprio* letter also bolded "please call" and "800–984–9115." Here, the Collection Letter only bolds the validation notice and, further below, a disclosure that the letter is from a debt collector attempting to collect a debt.

*Caprio* also cited approvingly to the *Terran* case out of the Ninth Circuit. In *Terran*, the collection letter provided the debtor plaintiff with a telephone number to call. However, the Ninth Circuit found that including the number did not violate Section 1692g(a) because the letter encouraged communication between the collection agency and debtor. Moreover the text of the *Terran* letter was presented in the same ordinary font and without any particular emphasis (with the exception of the debtor's name and the name of the person to contact), and the required validation notice appeared on the front side of the document (in the third and final paragraph). Here, the facts are even more compelling because the validation notice comprises the first and

second paragraphs of the letter and appears in bold typeface. Further, unlike in *Payco*, here there are no screaming headlines, bright colors, or huge lettering demanding immediate payment. There is no language emphatically instructing Plaintiff to contest the debt by telephone. The validation notice is not on the backside of the letter in grey typeface. The Collection Letter here does not resemble the *Payco* letter in either form or substance.

Finally, the Court finds Judge Martinotti's recent decision in *Riccio v. Sentry Credit, Inc.* persuasive. 2018 WL 638748, at *1. In *Riccio*, the plaintiff debtor also sought to bring a class action based on an alleged FDCPA violation. The alleged violation also stemmed from the receipt of a collection letter. *Id.* Like here, the validation notice appeared at the top of the front side of the letter in bold. Further, like here, the collection letter provided the plaintiff with a toll-free telephone number, in addition to a mailing address, to contact the debt collector. *Id.* Judge Martinotti found the *Riccio* letter "void of any reference" suggesting that plaintiff could contest the debt by calling, rather than writing to, the defendant. *Id.* at *5. Judge Martinotti noted that the defendant positioned the validation notice on the top of the front page following the large bolded caption "Important Notice." *Id.* Per the statute's requirements, the validation notice informed the debtor that he had thirty days to contest the validity of the debt in writing. *Id.* Judge Martinotti then concluded that the options of how to contact the debt collector at the bottom of the page did not overshadow or contradict the warning on top. Therefore, he found no FDCPA violation. *Id.* at *6.

Viewing the Collection Letter from the perspective of the least sophisticated debtor, the letter's validation notice is not overshadowed by other language in the letter given the position of the validation notice language in the letter and the fact that it is in bold typeface. Moreover, in light of the foregoing analysis, including the important differences with the letter in *Caprio*, the

Collection Letter's validation notice is not contradicted by other language in the letter. The Court finds that the letter does not violate Section 1692g(a) and, as result, it also does not violate Section 1692e(10).

## V. CONCLUSION

For the foregoing reason, Defendant's motion to dismiss (D.E. 8) is **GRANTED with prejudice**. Because Plaintiff cannot change the Collection Letter, any attempted amendment to the Complaint would be futile. An appropriate Order accompanies this opinion.

Dated: May 2, 2018

*/s/ John Michael Vazquez*
John Michael Vazquez, U.S.D.J.